**STATE of Maine**

v.

**Roy R. MYERS.**

Supreme Judicial Court of Maine.

Oct. 10, 1975.

Donald H. Marden, County Atty., Joseph M. Jabar, Dist. Atty., Robert Daviau, Asst. Dist. Atty., Augusta, for plaintiff.

Levine, Brody & Levine by Frederick E. Levine, Waterville, for defendant.

Before DUFRESNE, C. J., and WEATHERBEE, POMEROY, WERNICK, ARCHIBALD and DELAHANTY, JJ.

POMEROY, Justice.

This appeal from a judgment entered on a verdict of guilty of breaking, entering and larceny in the nighttime (17 M.R.S.A. § 2103), following a jury-waived trial causes us to focus again as we have done many times before[1] upon *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed. 2d 694 (1966).

We deny the appeal.

In *Miranda v. Arizona,* supra, a majority of the Justices of the United States Supreme Court expressed concern with, in their words,

" . . . questions which go to the roots of our concepts of American criminal jurisprudence: the restraints society must observe consistent with the Federal Constitution in prosecuting individuals for crime." 384 U.S. at 439, 86 S.Ct. at 1609.

With numerous empirical studies of widespread police practices cited as the basis for its concern, it mandated:

" . . . the prosecution may not use statements, whether exculpatory or inculpatory, stemming from custodial interrogation of the defendant unless it demon-

1. *State v. Hazelton,* Me., 330 A.2d 919 (1975) ; *State v. Peabody,* Me., 320 A.2d 242 (1974) ; *State v. Lafferty,* Me., 309 A.2d 647 (1973) ; *State v. Young,* Me., 303 A.2d 113 (1973) ; *State v. Collins,* Me., 297 A.2d 620 (1972) ; *State v. Grant,* Me., 284 A.2d 674 (1971) ; *State v. Smith,* Me., 277 A.2d 481 (1971).

strates the use of procedural safeguards effective to secure the privilege against self-incrimination. . . . As for the procedural safeguards to be employed, unless other fully effective means are devised to inform accused persons of their right of silence and to assure a continuous opportunity to exercise it, the following measures are required. Prior to any questioning, the person must be warned that he has a right to remain silent, that any statement he does make may be used as evidence against him, and that he has a right to the presence of an attorney, either retained or appointed. . . . If, however, he indicates in any manner and at any stage of the process that he wishes to consult with an attorney before speaking there can be no questioning. Likewise, if the individual is alone and indicates in any manner that he does not wish to be interrogated, the police may not question him. The mere fact that he may have answered some questions or volunteered some statements on his own does not deprive him of the right to refrain from answering any further inquiries until he has consulted with an attorney and thereafter consents to be questioned." 384 U.S. at 444–445, 86 S.Ct. at 1612.

In the same opinion it was held that

"Volunteered statements of any kind are not barred by the Fifth Amendment and their admissibility is not affected by our holding today." 384 U.S. at 478, 86 S. Ct. at 1630.

See also *State v. Lafferty,* supra, and cases cited therein.

In later cases it has been established that,

■ (1) "[A] confession is not necessarily invalid because the 'Miranda' warning is not repeated in full each time the interrogation process is resumed after an interruption." *Miller v. United States,* 396 F.2d 492, 496 (8th Cir. 1968).

■ (2) There is no litmus paper test for determining when "Miranda," warnings must be repeated in the course of an ongoing interrogation. *Miller v. United States,* supra; *Commonwealth v. Riggins,* 451 Pa. 519, 304 A.2d 473 (1973); *Commonwealth v. Wideman,* Pa., 334 A.2d 594 (1975).

■ (3) Several objective indicia are significant in determining when an accused must be reinformed of his constitutional rights. They are:

"(1) the time lapse between the last Miranda warnings and the accused's statements;

(2) interruptions in the continuity of the interrogation;

(3) whether there was a change of location between the place where the last Miranda warnings were given and the place where the accused's statement was made;

(4) whether the same officer who gave the warnings also conducted the interrogation resulting in the accused's statement; and

(5) whether the statement elicited during the complained of interrogation differed significantly from other statements which had been preceded by Miranda warnings." *Commonwealth v. Wideman,* supra, at 598.

■ (4) A statement made without "Miranda" warnings is admissible on rebuttal to impeach a defendant whose testimony is different from that made in the extrajudicial statement. *Harris v. New York,* 401 U.S. 222, 91 S.Ct. 643, 28 L.Ed. 2d 1 (1971).

■ (5) Where "Miranda" warnings are not repeated during an ongoing interrogation the ultimate question is, did the defendant with full knowledge of his legal rights knowingly and intentionally relinquish them? *Miller v. United States,* supra, at 496.

■ (6) Voluntariness of the waiver of the Fifth Amendment rights during an extrajudicial interrogation must be established by the State beyond a reasonable doubt on the totality of the circumstances. *State v. Collins,* supra; *State v. Hazelton,* supra.

■ We have tested the defendant's claim that the confession which he made to police officers during an in-custody interrogation was improperly admitted into evidence because of the claimed inadequacy of "Miranda" warnings [2] against the factual framework of this case as revealed by the record.

We find the appellant's claimed error to be without merit.

The factual framework within which our decision is reached is substantially as follows:

Sometime during the evening of January 23, 1974, or the early morning hours of January 24th, the F. O'Connor Company of Augusta was broken into and a small quantity of money was taken. On January 24th, the police apprehended one Raymond Norton in connection with the break. Norton signed a written statement confessing his involvement and accusing the defendant Roy Myers of complicity.

At about 4:30 that same afternoon, Roy Myers was arrested and brought to the Augusta City Jail, where he was questioned on two separate occasions. The first questioning took place at about 4:30 o'clock in the afternoon at which time complete "Miranda" warnings were given. The second interrogation session, during which the incriminating statements now complained of were elicited, occurred the following morning at approximately 9:00 o'clock.

The defendant appears to be a reasonably intelligent adult who had a record of a prior conviction of breaking, entering and larceny.

Although approximately 17 hours elapsed between the giving of the full "Miranda" warnings and the giving of the inculpating statements, just prior to the time those statements were made, appellant was reminded of the rights of which he had been advised the previous day, and he replied that he was aware of his rights.

The officer who gave the "Miranda" warnings in the afternoon was the same officer who reminded the appellant of those warnings the next morning.

The appellant remained in jail overnight between the time the "Miranda" warnings were given and the time when the statement to which appellant objects was given during which time it may be assumed he slept.

The questioning in the morning was conducted in the same place the "Miranda" warnings were given the afternoon before.

It is true the story appellant Myers told immediately after receiving the "Miranda" warnings was significantly different from the inculpating statements made during the following morning interrogation. However, we are satisfied he was completely aware of his rights, as previously described, all during the time he was making inculpatory statements.

In the circumstances now before us the statement was admissible.

The entry must be,

Appeal denied.

All Justices concurring.

---

2. At trial the defendant's objection to the receipt in evidence of the confession was premised entirely on the basis the officers had not complied with the rule in *Miranda v. Arizona,* supra. In his brief and at oral argument defendant raises the further objection that, as he says, the statements were coerced. Since the point is waived (*Brine v. State,* Me., 264 A.2d 530, 535 (1970)), we examine this claim only to determine if it is an obvious error or defect affecting substantial rights (Rule 52(b), M.R.Crim.P.) Such examination satisfies us there is neither obvious error nor were any substantial rights adversely affected. The point is without merit.