### STATE of Maine
### v.
### Daniel G. CLARK.

Supreme Judicial Court of Maine.

Argued Sept. 11, 1984.

Decided Nov. 5, 1984.

---

Michael E. Povich, Dist. Atty., Wayne S. Moss (orally), Asst. Atty. Gen., Augusta, Jane M. Eaton, Asst. Dist. Atty., Calais, for plaintiff.

Brown, Tibbetts, Churchill & Romei, Robert E. Tibbetts, Earl Brown (orally), Calais, for defendant.

Before McKUSICK, C.J., NICHOLS, VIOLETTE, WATHEN, GLASSMAN and SCOLNIK, JJ., and DUFRESNE, A.R.J.

SCOLNIK, Justice.

The defendant, Daniel G. Clark, appeals from his conviction of attempted rape, 17–A M.R.S.A. §§ 252(1)(A), 152 (1983), after a jury trial in Superior Court (Washington County). He argues that the court erred in admitting statements he made to a state trooper following a polygraph test because the trooper deprived him of his right to the effective assistance of counsel. He also asserts that he should have been re-warned of his *"Miranda* rights" following the polygraph test and that the Superior Court improperly instructed the jury on the crime of attempted rape. Finding no error that warrants reversal, we deny the appeal.

The defendant was indicted on May 5, 1983, for the crime of rape, allegedly committed in the morning of March 19, 1983. He obtained counsel before arraignment who continued to represent him through trial in January, 1984. From the time of his first contact with the state troopers the defendant was "eager" to take a polygraph test. His counsel discussed the possibility with the officers at some point during 1983. On December 7, 1983, a trooper picked up the defendant at his home in Eastport and drove him to the State police barracks in East Machias for the test. The defendant went voluntarily. The police made no effort to inform his attorney that this was to happen, either before hand or when the defendant was in the barracks.

Once there, a trooper read the *Miranda* warnings to the defendant and obtained his signature on a card which indicated that he understood them. The trooper ascertained from the defendant that he was represented, the name of his attorney, and that the defendant did not know whether his attorney was aware of his presence in the barracks at that time. The defendant, however, indicated that he understood his right to have counsel present during questioning, and that he was willing, nonetheless, to answer questions without his being there.

After those preliminaries, the polygraph test was administered to the defendant. The trooper questioned the defendant about the events of March 18 and 19, asking the same set of questions at least three times. The defendant maintained throughout that he had not engaged in intercourse with the victim. Following the test the officer interviewed the defendant, asserting at the outset his opinion that the defendant had lied during the test, then

speaking of his own supposed experiences in an attempt to elicit information from the defendant.

The defendant continued to deny any intercourse with the victim, but he admitted that he had engaged in other, preliminary sexual acts with her. He also stated that he had been unable to accomplish intercourse because of his inebriation at the time. He subsequently recanted these statements, but the court refused to suppress them. The jury found the defendant not guilty of rape, but did find him guilty of attempted rape.

## II

 The defendant argues first that his inculpatory statements were inadmissible because the police deprived him of his right to the effective assistance of counsel, guaranteed by the sixth amendment to the United States Constitution and article I, section 6 of the Maine Constitution.[1] After considering all of the circumstances of this case, we conclude that the Superior Court could rationally have found by a preponderance of the evidence that the defendant waived his right to the assistance of counsel at the polygraph test and the following interview. Thus the court did not err in denying the motion to suppress.

 In the absence of waiver, statements must be suppressed if made by one who is denied the sixth amendment right to the effective assistance of counsel. This right is violated if the State, in the absence

of counsel, intentionally creates a situation that is likely to induce a defendant to incriminate himself. *United States v. Henry*, 447 U.S. 264, 274, 100 S.Ct. 2183, 2189, 65 L.Ed.2d 115 (1980);[2] *State v. Moulton*, 481 A.2d 155, 160 (Me.1984); *State v. White*, 460 A.2d 1017, 1020–21 (Me.1983). The right "embodies a realistic recognition of the obvious truth that the average defendant does not have the professional legal skill to protect himself when brought before a tribunal with power to take his life or liberty, wherein the prosecution is presented by experienced and learned counsel." *Johnson v. Zerbst*, 304 U.S. 458, 462–63, 58 S.Ct. 1019, 1022, 82 L.Ed. 1461 (1938). It attaches not only during proceedings in court, but to all contacts between an accused and government agents at all "critical stages" of the prosecution, that is, from arraignment on. *See United States v. Henry*, 447 U.S. at 269, 100 S.Ct. at 2186; *State v. Moulton*, at 159.

In this case, although Clark sought the initial encounter with the police, his eagerness to take the polygraph test to exonerate himself cannot be presumed to encompass the post-polygraph interrogation as well. That occurred on the initiative of the state troopers. Following the polygraph test, the troopers clearly created a situation likely to induce the defendant to incriminate himself. Moreover, as the State acknowledges in its brief, there is evidence that they not only created such a situation but that they deliberately elicited the statements.

---

1. The State argues that the defendant failed to preserve this issue for appeal. Where the grounds for objection are not specifically stated, they are not preserved for appeal unless they were clear enough, from the context, for the trial court to rule on them. *State v. McKenney*, 459 A.2d 1093, 1096 (Me.1983). In this case defense counsel did not specifically articulate a sixth amendment objection, and the court's ruling was that "the statements are voluntary, and that *Miranda* was complied with." Nonetheless, it is clear from the transcript that the trial justice considered and rejected the argument that the defendant was denied the effective assistance of counsel. The defense counsel asserted that he should have had the opportunity to be present, but he was not notified. The court

found that the troopers' contact with the defendant in the absence of his attorney did not "rise to the level of a constitutional matter."

2. This court has not yet extended the protection of article I § 6 of the Maine Constitution beyond that afforded by the Sixth amendment of the United States Constitution. *E.g. State v. Carter*, 412 A.2d 56, 61 (Me.1980). Thus we look to the decisions of the federal courts, particularly the Court of Appeals for the First Circuit, for guidance in formulating the scope of the right to counsel. *State v. Carter*, 412 A.2d at 60; *State v. Lafferty*, 309 A.2d 647, 667 (Me. 1973) (Wernick, J., concurring).

Despite the foregoing, there is no *per se* rule that bars the admissibility of all post-indictment statements made in the absence of counsel, even when deliberately elicited by the police. *State v. Carter,* 412 A.2d at 59–61. A defendant may, without the State notifying his attorney, waive his right to the assistance of counsel. *Id.; United States v. Monti,* 557 F.2d 899, 903–04 (1st Cir.1977). Such a waiver occurs when, knowing of his right to counsel, the defendant voluntarily, knowingly, and intelligently chooses to relinquish it and to proceed without an attorney present. *United States v. Melanson,* 691 F.2d 579, 588–89 (1st Cir.1981); *State v. Carter,* 412 A.2d at 61.

The effectiveness of a waiver of the right to the assistance of counsel must be evaluated by considering all the circumstances of the case. *Id.,* n. 4, quoting from *Johnson v. Zerbst,* 304 U.S. at 464, 58 S.Ct. at 1023. The facts necessary to a finding of waiver may vary between cases since the sixth amendment right attaches not only to the interrogation of a defendant but to all critical stages of the prosecution.[3] When the police interrogate a defendant, however, the considerations underlying a finding of effective waiver of the sixth amendment right to the assistance of counsel are identical to those involved in a waiver of the prophylactic right to the presence of counsel during interrogation for the protection of his privilege against self incrimination guaranteed by the fifth amendment to the United States Constitution. *State v. Carter,* 461 A.2d at 61–62; See *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966); *State v. Bleyl,* 435 A.2d 1349, 1357 (Me.1981). In refusing to adopt a *per se* rule excluding all post-indictment statements made in the absence of counsel, we have said that "the procedural safeguards of *Miranda* [are] fully adequate to protect the rights of the accused [specifically, the right to the effective assistance of counsel] in the setting of custodial interrogation." *State v. Carter,* 412 A.2d at 61. We rejected the "notion ... that the sixth amendment imposes a higher standard with respect to waiver of the right to counsel than do *Miranda's* fifth amendment procedural safeguards," holding, on the contrary, that "[t]he waiver standard is precisely the same." *Id.* at 61–62.

Thus, where there is no "government overreaching or surreptitious activity ... if the accused was adequately apprised of his rights, admonished to exercise them, and nevertheless chose to speak, in effect waiving his constitutional privileges, courts have found no contravention of his right to counsel." *United States v. Melanson,* 691 F.2d at 585, and cases there cited. In this case the defendant testified that he had been eager to take the polygraph test. He voluntarily accompanied the trooper to the barracks where he was informed of his *Miranda* rights, including the right not to be questioned without his attorney present. He understood that right, but elected to proceed in his attorney's absence. The relevant facts are similar to those in *United States v. Monti,* 557 F.2d 899, where the First Circuit found an effective waiver of the right to counsel.

In these circumstances there was a rational basis for the trial court to find, by a preponderance of the evidence, that the defendant effectively waived his fifth amendment right to have counsel present. Since the standard is the same for a waiver of the sixth amendment right to counsel in the interrogation context, "the court's determination that [the] defendant had effectively waived his *Miranda* rights was fully adequate to dispose of all questions of waiver arising under both the fifth and sixth amendments." *State v. Carter,* 412 A.2d at 62.

---

3. *E.g. Morris v. Slappy,* 461 U.S. 1, 103 S.Ct. 1610, 75 L.Ed.2d 610 (1983) (effective assistance of counsel at trial); *Jones v. Barnes,* 463 U.S. 745, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983) (appeal); *Powell v. Alabama,* 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932) (arraignment and thereafter).

## III

■ The defendant argues that his statements made during the post-polygraph interview should have been suppressed because the trooper did not repeat the *Miranda* warnings following the polygraph test and before the interview. Because the defendant did not raise this issue in the Superior Court, we review *only for obvious error.* M.R.Crim.P. 52(b).

■ In *State v. Myers*, 345 A.2d 500 (Me.1975), we said that the necessity for a repetition of the warnings would depend on all the circumstances of the particular case, with particular attention given to certain factors.[4] With respect to these inculpatory statements the trial court expressly found that *"Miranda* was complied with." In view of the short time involved and the defendant's apparent intelligence and self-possession during the interview, we find no error in the court's conclusion that the effect of the initial warnings carried over to the post-polygraph interview. *See Wyrick v. Fields*, 459 U.S. 42, 103 S.Ct. 394, 74 L.Ed.2d 214 (1983); *State v. Carmichael*, 444 A.2d 45 (Me.1982); *State v. Ruybal*, 398 A.2d 407 (Me.1979).

## IV

■ The defendant also urges that since the indictment charged only the crime of rape, 17–A M.R.S.A. § 252(1)(A), the trial court erred in instructing the jury on the crime of attempted rape, of which he was, in fact, convicted. He argues that the attempt is not a lesser included offense of rape under 17–A M.R.S.A. § 252(1)(A) because the attempt requires an element (intent) not present in the substantive crime. We are not called upon to consider that issue because, under 17–A M.R.S.A. § 152(3–A),[5] the indictment actually charged the defendant with the attempt as well. The instruction was wholly proper.

The defendant's remaining contentions are without merit.

The entry is:

Judgment affirmed.

All concurring.

---

**4.** (1) the time lapse between the last Miranda warnings and the accused's statement;
(2) interruptions in the continuity of the interrogation;
(3) whether there was a change of location between the place where the last Miranda warnings were given and the place where the accused's statement was made;
(4) whether the same officer who gave the warnings also conducted the interrogation resulting in the accused's statement; and
(5) whether the statement elicited during the complained of interrogation differed significantly from other statements which had been preceded by Miranda warnings.
345 A.2d at 502, quoting from *Miller v. United States*, 396 F.2d 492, 496 (8th Cir.1968).

**5.** 17–A M.R.S.A. § 152(3–A)
"An indictment, information or complaint, or count thereof, charging the commission of a crime under chapters 9 through 45, or a crime outside this code shall be deemed to charge the commission of the attempt to commit that crime and shall not be deemed duplicitous thereby."