STATE OF MAINE                              CRIMINAL ACTION
KENNEBEC, ss                                DOCKET NO. CR-09-685
                                            *MMM—KEN— 7/14/2010*


**STATE OF MAINE**


v.                                    **ORDER ON MOTIONS TO SUPPRESS**


**KENNETH MCDONALD**




Before the Court are two Motions to Suppress filed by the Defendant on November 9, 2009 and January 22, 2010. Hearing on the motions was held on May 21, 2010. The Defendant is charged with the intentional and knowing and/or depraved indifference murder of his mother, Janice McDonald on August 24, 2009. He is represented by Attorney James Billings, and the State is represented by Assistant Attorney General Leane Zainea.

At the beginning of the hearing the State conceded that the Defendant was in custody for *Miranda* purposes from the outset of the interview conducted by Maine State Police on August 25, 2009. In addition, the Defendant conceded that proper *Miranda* warnings were given to him on that date. The Defendant clarified that the only issues remaining in his two motions to suppress statements were the voluntariness of the statements made to police on August 25, 2009 and to his sister, Ellen Horton, on September 3, 2010, and whether the statements he made to her were obtained in violation of his Sixth Amendment right to counsel.

1

The Court has reviewed the testimony and exhibits entered into evidence at hearing on May 21, 2010 and has considered the arguments of counsel. For reasons explained below, both motions to suppress statements of the Defendant are denied.

**Findings**

On August 25, 2009 Janice McDonald was found dead in her home in Monmouth, Maine. Her son, the Defendant, soon became the focus of the investigation. Mr. McDonald was scheduled to work that day at the Monmouth Transfer Station, but was located on Bailey's Island in Harpswell by Dep. Clayton Stromsky who was responding to a "loitering" complaint. Dep. Stromsky testified at the hearing on May 21, 2010. He indicated that he found the Defendant sitting on a boulder near the Land's End Gift Shop on Bailey's Island. Dep. Stromsky stated that he asked the Defendant to go with him to Topsham to meet with "someone" who wanted to talk to him. He stated that while enroute to the McDonald's in Topsham, he and the Defendant exchanged pleasantries. He said that the Defendant did not seem to be under the influence of alcohol, that he was not agitated, and he described the Defendant's demeanor as "very quiet." No incriminating statements were made by the Defendant to Dep. Stromsky.

Det. Adam Kelley testified that he picked up the Defendant at the Topsham McDonald's and transported him to the Monmouth Police Department for questioning. He said that the Defendant rode with him in the front seat, without handcuffs. Again, the Defendant made no inculpatory statements about his mother's death. According to Det. Kelley, the transport of the Defendant from Topsham to Monmouth took approximately

2

44 minutes. During the transport, they discussed his employment at the transport station, but there was no discussion about what had happened at the Defendant's home.

At the Monmouth Police Department, Det. Kelley testified that he and Det. Abbe Chabot interviewed the Defendant. Before any questioning, the Defendant was read a *Miranda* waiver form (State's Exh. 4) which the Defendant signed, indicating he was waiving his rights. The interview was recorded on a digital recorder and by audio recording. The audio recording was admitted as State's Exh. 1, and the digital recording as admitted as State's Exh. 2. During the interview the Defendant consented to a search for certain items of physical evidence, including DNA, photographs of scratches on his hands and shoes, and major case impressions.

The interview at the Monmouth Police Department began, according to State's Exh. 3, at 2:52 pm and concluded at 9:19 pm. Four different participants from the Maine State Police interviewed the Defendant during this time frame: Det. Abbe Chabot, Det. Adam Kelley, Det. Bryant Jacques, and Sgt. Anna Love. The interview could fairly be characterized as confrontational at times, particularly during portions of the interviews conducted by Detectives Chabot and Kelley. The approach taken by both detectives was to convince the Defendant that they knew he had killed his mother, and that the physical evidence against him was significant and mounting. As Attorney Billings pointed out on cross-examination, the detectives, in fact, either exaggerated or fabricated the existence of some of the evidence they had as of the time of interview.

The detectives also exhorted the Defendant to tell the truth, stressing that he owed it to his family who were grieving over the loss of his mother, and also that he owed it to himself and to the reputation he enjoyed in the community as a good and honest person.

There is no indication in the interview that the Defendant was made any promises of leniency, or that he was ever threatened in any way. There is no evidence that he was under the influence of drugs or alcohol, or that he was mentally ill. The parties agree that the Defendant is described by people in his family and community as "slow" and socially awkward. However, the audio and video evidence submitted show the Defendant to be articulate, to be aware of his surroundings, to understand the nature of the interrogation, and to bear up under and resist considerable pressure to admit that he killed his mother. While he arguably makes statements that could be viewed as indirectly incriminating, he never admits to the detectives during this more than six-hour interview that he was responsible for his mother's death.

The State has the burden of proving, beyond a reasonable doubt, that the Defendant's statements to the four detectives were voluntary. *State v. Rees,* 2000 ME 55. Whether a confession is voluntary is primarily a question of fact, determined by the totality of the circumstances. The Maine Supreme Court has held that in making this determination, "both external and internal factors" have to be considered. These include "the details of the interrogation; the duration of the interrogation; the location of the interrogation; whether the interrogation was custodial; the recitation of *Miranda* warnings; the number of officers involved; the persistence of the officers; police trickery; threats, promises or inducements made to the defendant; and the defendant's age, physical and mental health, emotional stability, and conduct." *State v. Sawyer,* 2001 ME 88.

In this case, the interview lasted over six hours, and four officers were involved. In addition, the State has conceded that he was in custody such that *Miranda* warnings

4

were required. In addition, it is clear that the officers at times lied to the defendant about having DNA evidence, about having his fingerprints at the scene, and about the time of death. However, a review of the evidence, most particularly the video and audio evidence, convinces the Court that whatever arguably incriminating statements made were voluntary beyond a reasonable doubt. The Court finds that the statements resulted from the free choice of a rational mind, and the statements, such as they are, cannot be said to be the product of coercive police conduct. They also cannot be said to be based on factors internal or inherent to characteristics of the defendant. *State v. Rees,* 2000 ME 55. The Court would note that the defendant, at multiple times throughout the interviews, told Det. Chabot that he had no trouble with the way he was being treated by them, and that he was comfortable and was being treated well.

The Court therefore denies the first motion to suppress filed by the defendant November 9, 2009.

With respect to the issues raised by the second motion to suppress of January 22, 2010, the Court finds that Ellen Horton was not acting as an agent of the State when she went to meet with her brother in the Kennebec County Jail on September 3, 2009. The Court found her testimony, as well as the testimony of Sgt. Love, to be credible in regards to the timing of the visit and the purpose of the visit. The Court finds that Sgt. Love did not enlist Ms. Horton to elicit statements from the Defendant. As Ms. Horton explained in her testimony, she went to see her brother of her own accord, in an understandable attempt to obtain an explanation for why he killed their mother. Finally, the Court cannot find on this record any evidence that the State knowingly exploited this situation such that his Sixth Amendment right to counsel has been violated. *State v.*

5

*Clark,* 483 A.2d 1221 (Me. 1984); *State v. Moulton,* 481 A.2d 155 (Me. 1984); *State v. Pettengill,* 611 A.2d 88 (Me. 1992).

In addition, the State has proven beyond a reasonable doubt that the statements made to Ellen Horton were voluntary. There is simply no evidence that at the time the statement was made to her, that the defendant was subject to police coercion, or that the statement was the product of compulsion. The Court finds that his statements to Ms. Horton, which included "I really screwed up this time" and that he was sorry, were motivated by feelings of guilt for what had occurred, and were the product of his free will and rational intellect. *State v. Mikulewicz,* 462 A.2d 497 (Me. 1983).

The Court therefore denies the defendant's second motion to suppress filed January 22, 2010.

The entry will be: Defendant's Motion to Suppress dated November 9, 2009 is denied as the State has proven the statements made were voluntary beyond a reasonable doubt. Defendant's Motion to Suppress dated January 22, 2010 is denied as the statements made to Ellen Horton were voluntary beyond a reasonable doubt, and she was not acting as an agent of the State at the time she spoke to her brother at the Kennebec County Jail on September 3, 2009.

_____7/14/10_____
**DATE**

_____
**SUPERIOR COURT JUSTICE**

6

STATE OF MAINE
  vs
KENNETH   MCDONALD
52 HIGHLAND TERRACE
MONMOUTH ME 04259

SUPERIOR COURT
KENNEBEC, ss.
Docket No   AUGSC-CR-2009-00685

**DOCKET RECORD**

DOB: 06/18/1966
Attorney: JAMES BILLINGS
          LIPMAN & KATZ & MCKEE, PA
          227 WATER STREET
          PO BOX 1051
          AUGUSTA ME 04332-1051
          APPOINTED 08/26/2009

State's Attorney: EVERT FOWLE
State's Attorney: LEANE ZAINEA

Filing Document: CRIMINAL COMPLAINT
Filing Date: 08/26/2009

Major Case Type: HOMICIDE

## Charge(s)

**1   MURDER**                                          **08/24/2009 MONMOUTH**
**Seq 621   17-A  201(1)(A)**              **Class M**

## Docket Events:

08/26/2009 FILING DOCUMENT -  CRIMINAL COMPLAINT FILED ON 08/26/2009

08/26/2009 Charge(s): 1
           HEARING -  INITIAL APPEARANCE SCHEDULE OTHER COURT ON 08/26/2009 @ 1:00

           WATDC
08/26/2009 MOTION -  MOTION FOR MENTAL EXAMINATION FILED BY STATE ON 08/26/2009

08/27/2009 MOTION -  MOTION FOR APPOINTMENT OF CNSL FILED BY DEFENDANT ON 08/26/2009

08/27/2009 MOTION -  MOTION FOR APPOINTMENT OF CNSL GRANTED ON 08/26/2009
           M MICHAELA MURPHY , JUSTICE
           COPY TO PARTIES/COUNSEL
08/27/2009 Party(s):  KENNETH MCDONALD
           ATTORNEY -  APPOINTED ORDERED ON 08/26/2009

           Attorney:  JAMES BILLINGS
08/31/2009 Charge(s): 1
           HEARING -  INITIAL APPEARANCE HELD ON 08/26/2009 @ 1:00
           CHARLES  DOW , JUDGE
           Defendant Present in Court
08/31/2009 Charge(s): 1
           PLEA -  NO ANSWER ENTERED BY DEFENDANT ON 08/26/2009

08/31/2009 MOTION -  MOTION FOR MENTAL EXAMINATION GRANTED ON 08/26/2009
           CHARLES  DOW , JUDGE
           COPY SENT TO STATE FORENSIC SERVICE
08/31/2009 HEARING -  CONFERENCE HELD ON 08/27/2009 @ 1:00
           M MICHAELA MURPHY , JUSTICE
           Attorney: JAMES BILLINGS

DA: LEANE ZAINEA          Reporter: TAMMY DROUIN
PHONE CONFERENCE                                    DEFENSE WAIVED
HARNISH HEARING
09/01/2009 BAIL BOND -  NO BAIL ALLOWED COMMITMENT ISSUED ON 08/26/2009


09/01/2009 PSYCHIATRIC EXAM -  STAGE TWO EXAM ORDERED ON 08/26/2009
           CHARLES  DOW , JUDGE
           COPIES FAXED TO STATE FORENSIC ON 9/1/09.
09/01/2009 HEARING -  STATUS CONFERENCE SCHEDULED FOR 10/27/2009 @ 10:00


09/10/2009 ORDER -  SPECIAL ASSIGNMENT ENTERED ON 08/31/2009
           M MICHAELA MURPHY , JUSTICE
09/10/2009 MOTION -  MOTION FOR FUNDS FILED BY DEFENDANT ON 09/03/2009


09/10/2009 MOTION -  MOTION FOR FUNDS FILED BY DEFENDANT ON 09/03/2009


09/16/2009 MOTION -  MOTION FOR FUNDS GRANTED ON 09/14/2009
           M MICHAELA MURPHY , JUSTICE
           COPY TO PARTIES/COUNSEL                           $1,000 AT THE
           RATE OF AOC RATE.
09/16/2009 MOTION -  MOTION FOR FUNDS GRANTED ON 09/14/2009
           M MICHAELA MURPHY , JUSTICE
           COPY TO PARTIES/COUNSEL                           APPROVES FUNDS
           IN THE AMOUNT OF $3,500.00 FOR AN EXPERT FOR PSYCHOLOGICAL EXAMINATION OF DEF.
09/21/2009 HEARING -  STATUS CONFERENCE NOT HELD ON 09/21/2009


09/21/2009 Charge(s): 1
           SUPPLEMENTAL FILING -  INDICTMENT FILED ON 09/17/2009


09/23/2009 Charge(s): 1
           HEARING -  ARRAIGNMENT SCHEDULED FOR 09/24/2009 @ 8:30


09/24/2009 Party(s):  STATE OF MAINE
           ATTORNEY -  RETAINED ENTERED ON 09/24/2009

           Attorney:  LEANE ZAINEA
09/24/2009 Charge(s): 1
           HEARING -  ARRAIGNMENT HELD ON 09/24/2009
           M MICHAELA MURPHY , JUSTICE
           Defendant Present in Court


           READING WAIVED.  DEFENDANT INFORMED OF CHARGES.  COPY OF INDICTMENT/INFORMATION GIVEN TO
           DEFENDANT.  60 DAYS TO FILE MOTIONS            TAPE 1225, INDEX 5099 - 5222
                                          AT THIS POINT, DEFENDANT WAIVES HARNISH
           HEARING
                         BAIL CONTINUES AS SET
09/24/2009 Charge(s): 1
           PLEA -  NOT GUILTY ENTERED BY DEFENDANT ON 09/24/2009
           M MICHAELA MURPHY , JUSTICE
           Defendant Present in Court
10/22/2009 PSYCHIATRIC EXAM -  STAGE TWO REPORT FILED ON 10/19/2009


11/20/2009 MOTION -  MOTION TO SUPPRESS FILED BY DEFENDANT ON 11/20/2009

Attorney: JAMES BILLINGS
11/24/2009 MOTION - MOTION FOR ENLARGEMENT OF TIME FILED BY DEFENDANT ON 11/23/2009

12/07/2009 MOTION - MOTION FOR ENLARGEMENT OF TIME GRANTED ON 12/02/2009
M MICHAELA MURPHY , JUSTICE
COPY TO PARTIES/COUNSEL
12/28/2009 PSYCHIATRIC EXAM - STAGE TWO REPORT FILED ON 12/24/2009

01/22/2010 MOTION - MOTION TO SUPPRESS STATEMENT FILED BY DEFENDANT ON 01/22/2010

02/05/2010 MOTION - MOTION FOR DISCOVERY FILED BY STATE ON 02/03/2010

02/05/2010 OTHER FILING - OTHER DOCUMENT FILED ON 02/03/2010

REQUEST FOR DISCOVERY BY STATE
02/17/2010 Charge(s): 1
HEARING - STATUS CONFERENCE SCHEDULED FOR 03/30/2010 @ 3:00
M MICHAELA MURPHY , JUSTICE
02/17/2010 Charge(s): 1
HEARING - STATUS CONFERENCE NOTICE SENT ON 02/17/2010

02/18/2010 Charge(s): 1
HEARING - STATUS CONFERENCE NOT HELD ON 02/17/2010

02/18/2010 HEARING - MOTION TO SUPPRESS STATEMENT SCHEDULED FOR 03/31/2010 @ 8:30

NOTICE TO PARTIES/COUNSEL
02/18/2010 HEARING - MOTION TO SUPPRESS STATEMENT NOTICE SENT ON 02/18/2010

02/18/2010 HEARING - MOTION TO SUPPRESS STATEMENT SCHEDULED FOR 03/31/2010 @ 8:30

NOTICE TO PARTIES/COUNSEL
02/18/2010 HEARING - MOTION TO SUPPRESS STATEMENT NOTICE SENT ON 02/18/2010

02/18/2010 HEARING - MOTION FOR DISCOVERY SCHEDULED FOR 03/31/2010 @ 8:30

NOTICE TO PARTIES/COUNSEL
02/18/2010 HEARING - MOTION FOR DISCOVERY NOTICE SENT ON 02/18/2010

03/15/2010 HEARING - MOTION FOR DISCOVERY CONTINUED ON 03/15/2010

03/15/2010 HEARING - MOTION TO SUPPRESS STATEMENT CONTINUED ON 03/15/2010

03/15/2010 HEARING - MOTION TO SUPPRESS STATEMENT CONTINUED ON 03/15/2010

03/15/2010 HEARING - STATUS CONFERENCE SCHEDULED FOR 03/31/2010 @ 8:30

03/31/2010 Charge(s): 1
TRIAL - JURY TRIAL SCHEDULED FOR 08/30/2010 @ 8:30
M MICHAELA MURPHY , JUSTICE
NOTICE TO PARTIES/COUNSEL
05/07/2010 HEARING - MOTION TO SUPPRESS STATEMENT SCHEDULED FOR 05/21/2010 @ 8:30

NOTICE TO PARTIES/COUNSEL
05/07/2010 HEARING - MOTION TO SUPPRESS STATEMENT NOTICE SENT ON 05/07/2010

05/07/2010 HEARING - MOTION TO SUPPRESS SCHEDULED FOR 05/21/2010 @ 8:30

NOTICE TO PARTIES/COUNSEL
05/07/2010 HEARING - MOTION TO SUPPRESS NOTICE SENT ON 05/07/2010

05/21/2010 OTHER FILING - MEMORANDUM OF LAW FILED ON 05/21/2010

DA: LEANE ZAINEA
STATE'S OPPOSITION TO DEFENDANT'S MEMO
06/17/2010 HEARING - MOTION TO SUPPRESS HELD ON 05/21/2010
M MICHAELA MURPHY , JUSTICE
Attorney: JAMES BILLINGS
DA: LEANE ZAINEA
Defendant Present in Court
06/17/2010 HEARING - MOTION TO SUPPRESS STATEMENT HELD ON 05/21/2010
M MICHAELA MURPHY , JUSTICE
Attorney: JAMES BILLINGS
DA: LEANE ZAINEA
Defendant Present in Court
06/17/2010 MOTION - MOTION TO SUPPRESS UNDER ADVISEMENT ON 05/21/2010
M MICHAELA MURPHY , JUSTICE
06/17/2010 MOTION - MOTION TO SUPPRESS STATEMENT UNDER ADVISEMENT ON 05/21/2010
M MICHAELA MURPHY , JUSTICE
06/17/2010 HEARING - STATUS CONFERENCE HELD ON 03/31/2010
M MICHAELA MURPHY , JUSTICE
Attorney: JAMES BILLINGS
DA: LEANE ZAINEA
06/17/2010 Charge(s): 1
HEARING - OTHER HEARING SCHEDULED FOR 08/05/2010 @ 8:30

NOTICE TO PARTIES/COUNSEL                                           JURY SELECTION
06/17/2010 Charge(s): 1
HEARING - OTHER HEARING NOTICE SENT ON 06/17/2010

06/17/2010 Charge(s): 1
TRIAL - JURY TRIAL NOTICE SENT ON 06/17/2010

06/29/2010 MOTION - MOTION FOR FUNDS FILED BY DEFENDANT ON 06/29/2010

Attorney: JAMES BILLINGS
7/2/10 MAILED TO MCILS ON THIS DATE.
07/09/2010 Charge(s): 1
HEARING - OTHER HEARING NOT HELD ON 07/09/2010

07/12/2010 Charge(s): 1
HEARING - STATUS CONFERENCE SCHEDULED FOR 07/20/2010 @ 10:00
M MICHAELA MURPHY , JUSTICE
07/12/2010 Charge(s): 1
HEARING - OTHER HEARING SCHEDULED FOR 08/25/2010 @ 8:30

NOTICE TO PARTIES/COUNSEL
07/12/2010 Charge(s): 1
HEARING - OTHER HEARING NOTICE SENT ON 07/12/2010


07/14/2010 ORDER - COURT ORDER FILED ON 07/14/2010
M MICHAELA MURPHY , JUSTICE
ORDER ON MOTION TO SUPPRESS
07/14/2010 MOTION - MOTION TO SUPPRESS STATEMENT DENIED ON 07/14/2010
M MICHAELA MURPHY , JUSTICE
COPY TO PARTIES/COUNSEL
07/14/2010 MOTION - MOTION TO SUPPRESS DENIED ON 07/14/2010
M MICHAELA MURPHY , JUSTICE
COPY TO PARTIES/COUNSEL

A TRUE COPY
ATTEST: _____
                    Clerk