2012 ME 19

**STATE of Maine**

v.

**Timothy Scott ROBBINS.**

Supreme Judicial Court of Maine.

Argued: Jan. 11, 2012.
Decided: Feb. 28, 2012.

Sarah L. Glynn, Esq. (orally), Oxford Hills Law, South Paris, for appellant Timothy Scott Robbins.

Norman R. Croteau, District Attorney, and Joseph M. O'Connor (orally), Asst. Dist. Atty., Office of the District Attorney, South Paris, for appellee State of Maine.

Panel: SAUFLEY, C.J., and ALEXANDER, LEVY, SILVER, MEAD, GORMAN, and JABAR, JJ.

SAUFLEY, C.J.

[¶ 1] Timothy Scott Robbins appeals from a judgment of conviction of operating under the influence, with two prior convictions in a ten-year period (Class C), 29–A M.R.S. § 2411(1–A)(B)(2) (2011), and operating after suspension (Class E), 29–A M.R.S. § 2412–A(1–A)(D) (2011), entered in Superior Court (Oxford County, *Clifford, J.*) upon a conditional plea of guilty pursuant to M.R.Crim. P. 11(a)(2). Robbins contends that the trial court erred in denying his motion to strike two prior uncounseled misdemeanor OUI convictions. His argument is based on the docket sheets from his prior convictions, which reflect that he appeared pro se but are silent as to the procedures taken to ensure that his constitutional right to counsel was satisfied.

[¶ 2] An "appellant bears the burden of providing an adequate record upon which the reviewing court can consider the arguments on appeal." *State v. Milliken*, 2010 ME 1, ¶ 12, 985 A.2d 1152

(quotation marks omitted). The record provided to us on appeal includes the docket entries from Robbins's prior convictions but does not include the documents or transcripts related to those proceedings. The court did not hold a hearing on Robbins's motion to strike the prior convictions. Thus, neither we nor the trial court have been presented with any evidence that would cause us to question the constitutional validity of Robbins's prior convictions. *See United States v. Gray*, 177 F.3d 86, 88–91 (1st Cir.1999).

[¶ 3] The "presumption of regularity" in court proceedings is "deeply rooted in our jurisprudence ... [and] ... attaches to final judgments, even when the question is waiver of constitutional rights." *Parke v. Raley*, 506 U.S. 20, 29, 113 S.Ct. 517, 121 L.Ed.2d 391 (1992); *see also Thursby v. State*, 223 A.2d 61, 69 (Me. 1966) (stating that we could "assume from the presumption of regularity which attaches to final judgments of convictions, that if the trial court had entertained any doubt as to the [defendant's] ... sanity or competence ... it would have used its inherent power to probe into his mental condition for purposes of triability" (citation omitted)).

[¶ 4] Assuming, without deciding, that Robbins's motion to strike is the appropriate procedural vehicle to challenge his prior convictions in this context, Robbins cannot prevail on this record. With no evidence presented to the contrary, we will presume the regularity that attaches to the final judgment of a conviction, *State v. Lewis*, 584 A.2d 622, 625 (Me.1990), and affirm the judgment of conviction currently on appeal.

The entry is:

Judgment affirmed.