MAINE SUPREME JUDICIAL COURT                                    Reporter of Decisions
Decision:      2016 ME 53
Docket:        Sag-14-471
Argued:        November 5, 2015
Decided:       April 12, 2016

Panel:         SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, HJELM, and
               HUMPHREY, JJ.
Majority:      SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, and HUMPHREY, JJ.
Dissent:       HJELM, J.

STATE OF MAINE

v.

GERALD B. KENNEDY

ALEXANDER, J.

[¶1]  In this appeal, addressing standards for a collateral attack upon a prior misdemeanor conviction entered after an apparently uncounseled plea, we are asked to declare the prior conviction void because the defendant, although expressing an understanding of his right to representation and an intention to retain counsel following his arraignment, later entered a guilty plea without the presence of counsel.

[¶2]  The defendant, seeking to collaterally attack a prior conviction, bears the burden to prove that he did not competently and intelligently waive his right to the assistance of counsel.  In this case, the defendant has not met his burden of proof, and we affirm the judgment.

## I. CASE HISTORY

[¶3] Gerald B. Kennedy appeals from the entry of a judgment of conviction in the Unified Criminal Docket (Sagadahoc County, *Horton, J.*) following Kennedy's conditional guilty plea, authorized by U.C.D.R.P.-Cumberland County 11(a)(2), M.R. Crim. P. 11(a)(2),[1] to a charge of operating under the influence, elevated to a Class C offense by two prior convictions for operating under the influence, 29-A M.R.S. § 2411(1-A)(B)(2) (2015).[2] Kennedy argues that his 2013 OUI conviction, that was one of the two convictions that enhanced his 2014 charge to a Class C felony, was obtained in violation of his Sixth Amendment right to counsel and that the trial court erred in denying his motion to strike that conviction from the indictment.

[¶4] The available record indicates the following facts that are not in dispute. In 2008, Kennedy pleaded guilty to one count of OUI with one prior conviction for OUI.[3] At that hearing, he consulted with a lawyer of the day. Kennedy does not challenge the 2008 conviction.

---

[1] The Maine Rules of Criminal Procedure, in effect when Kennedy entered his plea, were replaced by the Maine Rules of Unified Criminal Procedure, effective January 1, 2015.

[2] Kennedy also pleaded guilty to operating while license suspended or revoked (Class E), 29-A M.R.S. § 2412-A(1-A)(B) (2015), and operating in violation of a license condition or restriction (Class E), 29-A M.R.S. § 1251(1)(B) (2015). Those pleas were entered unconditionally. Kennedy does not appeal from those convictions.

[3] The 2008 OUI was the first of Kennedy's OUIs that occurred within ten years before the 2014 charge, and is therefore his first OUI considered a prior offense for purposes of enhancing the 2014

[¶5]   In 2013, Kennedy was again charged with OUI with one prior conviction for OUI.  The transcript of Kennedy's arraignment on July 2, 2013, indicates that he was shown a video explaining his rights, including his right to counsel, and that during the in-person discussion with the judge handling his arraignment, he indicated that he understood those rights, specifically stating that he knew he had the right to a court-appointed attorney.   The court (*J.D. Kennedy, J.*) advised Kennedy that his charge carried a mandatory minimum sentence of forty-eight hours in jail and told Kennedy he might be able to serve that through the alternative sentencing program.

[¶6]  The court's statement as to the minimum sentence was incorrect.  The mandatory minimum sentence of incarceration for a second offense OUI is seven days in jail.  29-A M.R.S. § 2411(5)(B)(2) (2015).  When Kennedy asked about sentencing alternatives, the court advised Kennedy to speak with the lawyer of the day.  Kennedy responded that he planned to hire his own attorney—"I'm going to hire me a lawyer."  The court entered a plea of not guilty on Kennedy's behalf and scheduled a dispositional conference for September 5, 2013.

[¶7]  Kennedy appeared at the dispositional conference convened pursuant to the rules of the Unified Criminal Docket (Cumberland County, *Brodrick, J.*).  The

---

charge, *see* 29-A M.R.S. § 2411(5)(B)-(C) (2015).  However, the record indicates that Kennedy was convicted of an additional OUI sometime in the late 1990s.

record is silent as to whether he received the assistance of counsel before or during the dispositional conference. Following the conference, Kennedy appeared in open court, apparently without counsel, and in a brief, on the record hearing changed his plea to guilty. Reflecting what apparently had been agreed to at the dispositional conference, the court sentenced Kennedy to ten days in jail,[4] a three-year license suspension, and a $700 fine. By agreement, Kennedy's reporting to jail was stayed almost three weeks, until September 23. Kennedy's right to counsel or waiver of the right to counsel was not discussed on the record during the 2013 plea hearing.

[¶8] Seven months later, Kennedy was again arrested for OUI and, on June 10, 2014, he was indicted in the Superior Court (Sagadahoc County) for third offense OUI (Class C). Kennedy, through court-appointed counsel, moved to strike the 2013 OUI conviction, arguing that it should not be considered for the purposes of enhancing the 2014 charge because the 2013 conviction was obtained in violation of his Sixth Amendment right to counsel.[5] *See* U.S. Const. amend. VI; *State v. Johnson*, 2012 ME 39, ¶ 23, 38 A.3d 1270.

[¶9] A hearing on Kennedy's motion to strike was held on August 20, 2014 (*Horton, J.*). The evidence offered at the hearing consisted of only the docket

---

[4] The agreed-to jail sentence was three days longer than the statutory minimum, indicating that the sentence and the consequences of the plea were discussed during the dispositional conference.

[5] The right to counsel provided by Me. Const. art. I, § 6 is commensurate with that of the Sixth Amendment to the United States Constitution. *State v. Gallant*, 595 A.2d 413, 416 (Me. 1991); *State v. Clark*, 483 A.2d 1221, 1224 n.2 (Me. 1984).

entries regarding the 2013 conviction and audio recordings and/or transcripts of the 2013 arraignment and plea hearings. Neither Kennedy nor any other witness testified.

[¶10] Kennedy argued that during the 2013 plea proceeding, the court was constitutionally required to take affirmative steps to ensure that Kennedy had knowingly and intelligently waived his right to counsel and that his waiver of the right to counsel appeared on the record. However, Kennedy acknowledged that he was aware of his right to counsel and, in his attempt to collaterally attack the 2013 conviction, offered no evidence to show whether he did or did not speak to a lawyer before he appeared for the plea hearing.

[¶11] The court denied the motion to strike, concluding that Kennedy bore the burden to prove that he had not knowingly, intelligently, and voluntarily waived his right to counsel and that he had not met that burden. The court based its decision on the following facts: (1) Kennedy pleaded guilty to an identical charge in 2008 and had assistance of counsel at that proceeding; (2) Kennedy confirmed at his 2013 arraignment that he understood his rights, including the right to counsel; (3) the 2013 arraignment judge advised Kennedy of his right to counsel; (4) the arraignment judge encouraged Kennedy to speak with the lawyer of the day; and (5) Kennedy told the arraignment judge he planned to retain counsel. Additionally, the trial court stated that it was

significant that the record is silent on why [Kennedy] did not follow through on his stated plan to retain an attorney for his defense. In the absence of an alternative explanation for why, after stating his intention to retain an attorney, he appeared without counsel and pleaded guilty, it seems logical to infer that his entry of an uncounseled plea was a voluntary choice.

[¶12] The trial court observed: "even though he plainly knew he had a right to counsel, he should have been asked at the time of his plea whether he wished to waive his right to counsel." The trial court concluded that "[a]t least in hindsight, an express inquiry into whether . . . Kennedy was waiving his right to counsel would have been preferable," but that such an inquiry is not constitutionally mandated. Accordingly, Kennedy's motion to strike the 2013 conviction that enhanced the OUI charge was denied.

[¶13] Kennedy then entered a conditional guilty plea to the Class C OUI, reserving his right to appeal the trial court's denial of his motion to strike the 2013 conviction. M.R. Crim. P. 11(a)(2). On the conviction for Class C OUI, the court sentenced Kennedy to three years in prison with all but six months suspended, two years of probation, a $1,100 fine, and a six-year license suspension.[6] The sentence was stayed pending Kennedy's appeal. Kennedy then brought this appeal.

---

[6] On the other two charges addressed in footnote 2, Kennedy was sentenced to seven and ten days in jail respectively, to be served concurrently with each other and the sentence imposed on the OUI count. The court also imposed a $600 fine on the count for violating a license condition or restriction and an additional year of license suspension on the count for operating while his license was suspended.

## II. LEGAL ANALYSIS

[¶14]  Collateral attacks on a prior conviction in a subsequent proceeding are generally not allowed outside the post-conviction review process, except when a defendant alleges a deprivation of the right to counsel in the prosecution leading to the prior conviction. *Johnson*, 2012 ME 39, ¶¶ 7, 23, 38 A.3d 1270.  In this collateral attack on a prior conviction, unlike in a direct attack on a prior conviction, we do not determine whether Kennedy expressly or impliedly waived his right to counsel—it is his burden, instead, to prove that he did *not* waive his right to counsel, in any manner, prior to the entry of his guilty plea. *See Iowa v. Tovar*, 541 U.S. 77, 92 (2004) (applying state law requiring that "in a collateral attack on an uncounseled conviction, it is the defendant's burden to prove that he did not competently and intelligently waive his right to the assistance of counsel"); *Parke v. Raley*, 506 U.S. 20, 29-34 (1992); *State v. Robbins*, 2012 ME 19, ¶¶ 2-3, 37 A.3d 294; *United States v. Sanchez*, 354 F.3d 70, 81 (1st Cir. 2004).[7]

[¶15]  In arguments to the trial court and to us, Kennedy acknowledges that (1) he has the burden of proof in his collateral attack on the 2013 conviction; (2) he did not testify or present any evidence that he was unaware of his right to counsel

---

[7]  "Where, as here, the government establishes the existence of a prior conviction, the burden shifts to the defendant to establish that the conviction is constitutionally infirm or otherwise inappropriate for consideration.  If the defendant fails to carry this burden, the sentencing court may then consider the prior conviction in compiling the defendant's criminal history score . . . ." *United States v. Sanchez*, 354 F.3d 70, 81 (1st Cir. 2004) (citations omitted).

or that he did not make a knowing and intelligent choice to proceed without counsel; and (3) there was no evidence as to what occurred between the arraignment and the plea hearing.

[¶16] Despite these acknowledgements, Kennedy asserts that the 2013 conviction must be voided because the brief transcript of his plea and sentence, following the dispositional conference, includes no reference to his right to counsel or his waiver of the right to counsel.[8] In essence, Kennedy argues that without consideration of the totality of the circumstances, and without any evidence of his understanding of his right to counsel, or of what occurred between the arraignment and the plea hearing, he should prevail because the right to counsel was not discussed in the plea transcript.

[¶17] The law does not permit Kennedy's burden of proof to be so easily avoided, and his collateral attack to so easily succeed. *United States v. Gray*, 177 F.3d 86, 88-91 (1st Cir. 1999) presented a comparable history: a defendant objecting that a prior uncounseled misdemeanor conviction could not be used to enhance a sentence, no transcript of the misdemeanor proceedings, a defendant not

---

[8] We have declined "to create any kind of prophylactic rule by which the conviction of any *pro se* defendant would be automatically vacated, regardless of the particular facts and circumstances surrounding that defendant's waiver of counsel, if the trial court failed to give the defendant *Miranda*-like warnings of the risks of self-representation and the benefits of counsel on the record. Neither Supreme Court case law nor our own lays out any such prophylactic rule." *State v. Morrison*, 567 A.2d 1350, 1353 (Me. 1990).

testifying to support his claim of lack of waiver of counsel, and a docket sheet indicating that the prior conviction was uncounseled.

[¶18] The United States Court of Appeals for the First Circuit held that presenting the docket sheet indicating that the conviction was uncounseled was not enough to overcome the presumption of regularity that attached to the proceeding without a transcript and to satisfy the defendant's burden of proof to collaterally attack the prior conviction.

> Not only was the document silent on the critical questions, but Gray himself did not testify at the sentencing hearing or file a sworn affidavit to the effect that he was not afforded counsel. Because a defendant stands in the best position to offer a first-hand account of the details of his own past legal proceedings, his silence can be deafening.

*Id*. at 90. Here, unlike in *Gray*, Kennedy presented more than a silent record: he presented transcripts of both the arraignment and the plea hearing. But, as in *Gray*, the burden is on Kennedy; he stood in the best position to offer additional evidence to meet his burden, and he failed to do so.

## III. CONCLUSION

[¶19] Kennedy acknowledged that he was, at all times, aware of his right to counsel, and he presented no evidence to suggest that, at the time of his plea, he

did not knowingly waive his right to counsel.[9]  Without such evidence, to paraphrase the First Circuit, his silence was deafening.  *See id*.  The record before the trial court and before us shows that, by the time Kennedy entered his guilty plea in 2013, he was aware of his right to counsel, the required minimum sentence for the charge, and the consequences of a plea, which included a sentence higher than the statutory minimum.  The record also shows that, after participating in a dispositional conference, Kennedy entered a plea of guilty to the 2013 charge of OUI and, in response, the State dismissed a companion charge.  Based on the evidence in the record, Kennedy has not met his burden on collateral attack of demonstrating that he did not knowingly and intelligently waive his right to counsel.

The entry is:

Judgment affirmed.

---

[9]  Although the dispositional conference was an unrecorded event in this case, Kennedy *could* have met his burden by testifying as to what occurred during this conference in 2013, e.g., that he at no time waived his right to counsel or that he was unduly pressured to move forward without the assistance of counsel.  However, we do not suggest that dispositional conferences should become more formalized; they are intended to function as informal meetings where the parties are accorded greater freedom to hash out an agreement.  Kennedy could have also met his burden here by, for example, presenting testimony or evidence at the hearing on the motion to strike that in 2013 he sought the assistance of counsel but was unsuccessful, or that he was not afforded the opportunity to seek counsel but still desired or intended to do so.

HJELM, J., dissenting.

[¶20] In my view, the record establishes that Kennedy's 2013 guilty plea was not predicated on a proper waiver of his right to counsel. Therefore, I respectfully dissent.

[¶21] The issue presented in this case is whether the sentencing classification for the OUI charge filed against Kennedy in 2014 can be enhanced from a Class D crime to a Class C crime, by the uncounseled OUI conviction entered against him in 2013. *See* 29-A M.R.S. § 2411(1-A)(B)(2), 5(C) (2015). Kennedy had the right to counsel at every critical stage of the 2013 proceedings— including the plea stage—because, as alleged, the 2013 OUI charge would have required a period of incarceration upon conviction for that offense. *See Iowa v. Tovar*, 541 U.S. 77, 87 (2004). In the proceeding arising from the 2014 charge, Kennedy collaterally attacked the 2013 conviction on the one ground on which an accused may do so, namely, denial of the Sixth Amendment right to counsel. *See State v. Johnson*, 2012 ME 39, ¶ 23, 38 A.3d 1270.

[¶22] As Kennedy acknowledges, in the context of a collateral challenge to an uncounseled conviction, he bears the burden of demonstrating the deprivation of his right to counsel, *see Tovar*, 541 U.S. at 92, because relevant court proceedings are presumed to have been conducted with "regularity," *State v. Robbins*, 2012 ME 19, ¶ 3, 37 A.3d 294. That burden, however, must be viewed in light of

another principle that is fundamental to any consideration of whether a defendant has waived the right to counsel: the well-established doctrine that a court must "indulge every reasonable presumption against waiver" of that right. *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938) (quotation marks omitted). This doctrine is time-honored and remains part of modern-day jurisprudence. *See, e.g.*, *Brewer v. Williams*, 430 U.S. 387, 404 (1977); *State v. Watson*, 2006 ME 80, ¶ 15, 900 A.2d 702. It serves as a recognition that the right to counsel is "'a right of the highest order,'" *Watson*, 2006 ME 80, ¶ 14, 900 A.2d 702 (quoting *United States v. Proctor*, 166 F.3d 396, 402 (1st Cir. 1999)), and, in an "adversary system of criminal justice," carries a magnitude of importance that is not subordinate to any other right, *Lakeside v. Oregon*, 435 U.S. 333, 341 (1978). Accordingly, in cases where the right to counsel attaches, as it did in Kennedy's 2013 OUI case, an uncounseled defendant must knowingly, voluntarily, and intelligently waive that right. *See Tovar*, 541 U.S. at 88.

[¶23] The Supreme Court has made clear that when an unrepresented defendant who has the right to counsel enters a guilty plea, "'a less searching or formal colloquy [regarding the waiver] may suffice'" to establish a waiver of that right, compared to a more extensive warning needed for an unrepresented defendant who proceeds to trial. *Watson*, 2006 ME 80, ¶ 18, 900 A.2d 702, (quoting *Tovar*, 541 U.S. at 89). Therefore, as the Court correctly observes,

*see* Court's Opinion ¶ 16 n.7, a waiver need not be express and may be implied. Nonetheless, there must be a waiver.

[¶24] Kennedy did not expressly waive his right to counsel. The question therefore is whether he did so by implication.

[¶25] When a defendant enters an uncounseled guilty plea, the waiver of the right to counsel may be implied if the trial court has informed the defendant of three essential aspects of the case: "the nature of the charges against him, . . . his right to be counseled regarding his plea, and . . . the range of allowable punishments attendant upon the entry of a guilty plea." *Tovar*, 541 U.S. at 81. Here, the record reveals that during the entire course of the proceedings in the 2013 case, the court properly explained only the first two of these three critical features of a criminal case: the nature of the OUI charge and his right to counsel. The information that the court *did* give to Kennedy demonstrates that as early as the arraignment, which is when the court covered those issues with him, he was clearly *aware* that he had the right to counsel—and on this appeal he expressly acknowledges this. The very different issue presented here, however, is whether the record supports the conclusion that he *waived* that known right.

[¶26] The third element required for a valid waiver under *Tovar* is missing because the arraignment court provided Kennedy with *incorrect* information about

the range of sentences that were authorized for the OUI charge.[10]  See 29-A M.R.S. § 2411(5)(B)(2) (2015).  Although the charge filed against Kennedy would have required a jail term of at least seven days, the court told him that the minimum mandatory penalty included a two-day jail term.

[¶27]  The record therefore establishes that the arraignment was fatally insufficient as a basis to infer that Kennedy later waived his right to counsel in a way that was effective under established constitutional standards.  Further, no other proceeding in the 2013 case filled the gap created during the arraignment.  This means that based on this record, even if the presumption *against* a waiver of the right to counsel is subordinate to Kennedy's procedural burden to demonstrate that he did not waive that right, he has necessarily met that burden.[11]

[¶28]  Because the record affirmatively demonstrates that Kennedy did not waive his right to counsel by implication, the resulting question is whether there is

---

[10]  It bears noting the *Tovar* Court did not state that a correct rendition of this information was a *necessary* component for an implied waiver of the defendant's right to counsel.  The Court, however, has largely followed that formulation here.  Court's Opinion ¶ 19.  Further, the State has not pointed to any authority establishing that there is some other formula, still consistent with the teaching of *Tovar*, that allows a determination that an unrepresented defendant impliedly waives counsel by pleading guilty after the court has given him *incorrect* information about the range of lawful sentences.

[11]  This factor distinguishes the case at bar from *United States v. Gray*, 177 F.3d 86, 91 (1st Cir. 1999), which is cited by the Court.  In *Gray*, the court held that on a collateral attack, the defendant bears the burden of persuasion to overcome the presumption that court proceedings were conducted in a "regular" manner.  *Id.* at 90.  Because the record there showed only that the defendant was unrepresented when he pleaded guilty, the court held that he had not overcome the presumption of regularity that would trigger an inference that he properly waived his right to counsel.  *Id.* at 90-91.  Here, on the other hand, the record establishes an *irregularity* in the arraignment because the court provided Kennedy with incorrect sentencing information.

some aspect of the court proceedings in Kennedy's 2013 OUI case that would negate the absence of a waiver.

[¶29] A waiver cannot be implied from the bare fact that Kennedy pleaded guilty when he was unrepresented. In a trial setting, a court cannot presume that the defendant has waived the right to counsel "simply because he or she appears . . . without one." *Watson*, 2006 ME 80, ¶ 19, 900 A.2d 702. Because the presumption against a waiver of the right to counsel is a matter of general application and is not limited to trial proceedings, Kennedy's unrepresented status when he pleaded guilty cannot be used to infer that he had waived his right to counsel.

[¶30] Beyond this, the Court presents three reasons in support of its conclusion that Kennedy failed to prove that he did not waive that right: first, that he "presented no evidence to suggest that, at the time of his plea, he did not knowingly waive his right to counsel"; second, that he entered a guilty plea after a dispositional conference; and third, that the State dismissed a companion charge when he pleaded guilty to the charge of OUI. *See* Court's Opinion ¶ 19. In my view, none of these points is persuasive.

[¶31] First, the existing record *already* affirmatively demonstrates as a matter of law that Kennedy did not impliedly waive his right to counsel when he pleaded guilty in 2013 because the information provided to Kennedy during those

proceedings did not meet the *Tovar* standard for an implied waiver. The Court offers no authority to support the position that when, as a constitutional matter, the record shows that the defendant did not waive his right to counsel, that defendant is required to do something even more.

[¶32] Second, despite something of a disclaimer, *see* Court's Opinion ¶ 19 n.9, the Court nonetheless refers to the dispositional conference that preceded Kennedy's guilty plea and intimates that to support his collateral attack, Kennedy might have presented testimony that during the conference, he did not waive his right to counsel. This argument would carry weight only if a dispositional conference were designed as a forum to raise the right to counsel. It is the *arraignment* where the court is specifically required by rule to provide critical foundational information about the charge, including any applicable minimum mandatory sentence, and certain of the defendant's rights, including the right to counsel. *See* U.C.D.R.P.–Cumberland County 5, 10; M.R. Crim. P. 10.[12] A dispositional conference is not an arraignment or a duplication of it. The applicable rule that established the purpose and scope of a dispositional conference did not prescribe a discussion of the right to counsel or of other matters that would support an inference that the defendant properly waived his right to counsel if he

---

[12] Effective January 1, 2015, the Cumberland County Unified Criminal Docket Rules of Procedure were superseded by the Maine Rules of Unified Criminal Procedure. M.R.U. Crim. P. 1(e)(1).

later pleaded guilty without counsel. *See* U.C.D.R.P.–Cumberland County 18(b). Therefore, I am unwilling to speculate that, whatever colloquy may have occurred between the court and Kennedy during the dispositional conference, it extended to a constitutionally sufficient discussion of Kennedy's right to counsel.

[¶33] Third, the State's agreement to dismiss a companion charge in exchange for Kennedy's plea to the OUI charge simply does not bear on the question of whether he waived his right to counsel. If anything, it suggests only that at the dispositional conference or in some other context, the parties may have engaged in plea negotiations, which resulted in Kennedy's agreement to plead guilty to the OUI charge and receive a sentence that was more than the minimum mandatory. Nothing in that extrinsic process can be seen to constitute a waiver of counsel either expressly or by implication.

[¶34] I therefore conclude that (1) as a matter of law, the record of the 2013 OUI case shows that Kennedy did not waive his right to counsel either expressly or by implication; and (2) no other event in that case, including the dispositional conference, negates the absence of a waiver. In my opinion, these circumstances allow no conclusion other than that Kennedy's 2013 uncounseled guilty plea was not predicated on a proper waiver of counsel. I would therefore vacate the judgment and remand for further proceedings.

**On the briefs:**

Jamesa J. Drake, Esq., Drake Law, LLC, Auburn, for appellant Gerald B. Kennedy

Geoffrey A. Rushlau, District Attorney, and Patricia A. Mador, Asst. Dist. Atty., Office of the District Attorney, Bath, for appellee State of Maine

**At oral argument:**

Jamesa J. Drake, Esq., for appellant Gerald B. Kennedy

Patricia A. Mador, Asst. Dist. Atty., for appellee State of Maine

Sagadahoc County Unified Criminal Docket docket number CR-2014-312
FOR CLERK REFERENCE ONLY