Majority: SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, and HUMPHREY, JJ.
Dissent: HJELM, J.
ALEXANDER, J.
[¶ 1] In this appeal, addressing standards for a collateral attack upon a prior misdemeanor conviction entered after an *359 apparently uncounseled plea, we are asked to declare the prior conviction void because the defendant, although expressing an understanding of his right to representation and an intention to retain counsel following his arraignment, later entered a guilty plea without the presence of counsel.
[¶ 2] The defendant, seeking to collaterally attack a prior conviction, bears the burden to prove that he did not competently and intelligently waive his right to the assistance of counsel. In this case, the defendant has not met his burden of proof, and we affirm the judgment.
I. CASE HISTORY
[¶ 3] Gerald B. Kennedy appeals from the entry of a judgment of conviction in the Unified Criminal Docket (Sagadahoc County, Horton, J.) following Kennedy’s conditional guilty plea, authorized by U.C.D.R.P.-Cumberland County 11(a)(2), M.R. Crim. P. 11(a)(2),[1] to a charge of operating under the influence, elevated to a Class C offense by two prior convictions for operating under the influence, 29-A M.R.S. § 2411(1-A)(B)(2) (2015).[2] Kennedy argues that his 2013 OUI conviction, that was one of the two convictions that enhanced his 2014 charge to a Class C felony, was obtained in violation of his Sixth Amendment right to counsel and that the trial court erred in denying his motion to strike that conviction from the indictment.
[¶ 4] The available record indicates the following facts that are not in dispute. In 2008, Kennedy pleaded guilty to one count of OUI with one prior conviction for OUI.[3] At that hearing, he consulted with a lawyer of the day. Kennedy does not challenge the 2008 conviction.
[¶ 5] In 2013, Kennedy was again charged with OUI with one prior conviction for OUI. The transcript of Kennedy’s arraignment on July 2, 2013, indicates that he was shown a video explaining his rights, including his right to counsel, and that during the in-person discussion with the judge handling his arraignment, he indicated that he understood those rights, specifically stating that he knew he had the right to a court-appointed attorney. The court (J.D. Kennedy, J.) advised Kennedy that his charge carried a mandatory minimum sentence of forty-eight hours in jail and told Kennedy he might be able to serve that through the alternative sentencing program.
[¶ 6] The court’s statement as to the minimum sentence was incorrect. The mandatory minimum sentence of incarceration for a second offense OUI is seven days in jail. 29-A M.R.S. § 2411(5)(B)(2) (2015). When Kennedy asked about sentencing alternatives, the court advised Kennedy to speak with the lawyer of the day. Kennedy responded that he planned to hire his own attorney — “I’m going to hire me a lawyer.” The court entered a plea of not guilty on Kennedy’s behalf and *360 scheduled a dispositional conference for September 5, 2013.
[¶ 7] Kennedy appeared at the disposi-tional conference convened pursuant to the rules of the Unified Criminal Docket (Cumberland County, Brodrick, J.). The record is silent as to whether he received the assistance of counsel before or during the dispositional conference. Following the conference, Kennedy appeared in open court, apparently without counsel, and in a brief, on the record hearing changed his plea to guilty. Reflecting what apparently had been agreed to at the dispositional conference, the court sentenced Kennedy to ten days in jail,[4] a three-year license suspension, and a $700 fine. By agreement, Kennedy’s reporting to jail was stayed almost three weeks, until September 23. Kennedy’s right to counsel or waiver of the right to counsel was not discussed on the record during the 2013 plea hearing.
[¶ 8] Seven months later, Kennedy was again arrested for OUI and, on June 10, 2014, he was indicted in the Superior Court (Sagadahoc County) for third offense OUI (Class C). Kennedy, through court-appointed counsel, moved to strike the 2013 OUI conviction, arguing that it should not be considered for the purposes of enhancing the 2014 charge because the 2013 conviction was obtained in violation of his Sixth Amendment right to counsel.[5] See U.S. Const, amend. VI; State v. Johnson, 2012 ME 39, ¶ 23, 38 A.3d 1270.
[¶ 9] A hearing on Kennedy’s motion to strike was held on August 20, 2014 {Horton, J.). The evidence offered at the hearing consisted of only the docket entries regarding the 2013 conviction and audio recordings and/or transcripts of the 2013 arraignment and plea hearings. Neither Kennedy nor any other witness testified.
[¶ 10] Kennedy argued that during the 2013 plea proceeding, the court was constitutionally required to take affirmative steps to ensure that Kennedy had knowingly and intelligently waived his right to counsel and that his waiver of the right to counsel appeared on the record. However, Kennedy acknowledged that he was aware of his right to counsel and, in his attempt to collaterally attack the 2013 conviction, offered no evidence to show whether he did or did not speak to a lawyer before he appeared for the plea hearing.
[¶ 11] The court denied the motion to strike, concluding that Kennedy bore the burden to prove that he had not knowingly, intelligently, and voluntarily waived his right to counsel and that he had not met that burden. The court based its decision on the following facts: (1) Kennedy pleaded guilty to an identical charge in 2008 and had assistance of counsel at that proceeding; (2) Kennedy confirmed at his 2013 arraignment that he understood his rights, including the right to counsel; (3) the 2013 arraignment judge advised Kennedy of his right to counsel; (4) the arraignment judge encouraged Kennedy to speak with the lawyer of the day; and (5) Kennedy told the arraignment judge he planned to retain counsel. Additionally, the trial court stated that it was
significant that the record is silent on why [Kennedy] did not follow through on his stated plan to retain an attorney *361 for his defense. In the absence of an alternative explanation for why, after stating his intention to retain an attorney, he appeared without counsel and pleaded guilty, it seems logical to infer that his entry of an uncounseled plea was a voluntary choice.
[¶ 12] The trial court observed: “even though he plainly knew he had a right to counsel, he should have been asked at the time of his plea whether he wished to waive his right to counsel.” The trial court concluded that “[a]t least in hindsight, an express inquiry into whether ... Kennedy was waiving his right to counsel would have been preferable,” but that such an inquiry is not constitutionally mandated. Accordingly, Kennedy’s motion to strike the 2013 conviction that enhanced the OUI charge was denied.
[¶ 13] Kennedy then entered a conditional guilty plea to the Class C OUI, reserving his right to appeal the trial court’s denial of his motion to strike the 2013 conviction. M.R. Crim. P. 11(a)(2). On the conviction for Class C OUI, the court sentenced Kennedy to three years in prison with all but six months suspended, two years of probation, a $1,100 fíne, and a six-year license suspension.[6] The sentence was stayed pending Kennedy’s appeal. Kennedy then brought this appeal.
II. LEGAL ANALYSIS
[¶ 14] Collateral attacks on a prior conviction in a subsequent proceeding are generally not allowed outside the post-conviction review process, except when a defendant alleges a deprivation of the right to counsel in the prosecution leading to the prior conviction. Johnson, 2012 ME 39, ¶¶ 7, 23, 38 A.3d 1270. In this collateral attack on a prior conviction, unlike in a direct attack on a prior conviction, we do not determine whether Kennedy expressly or impliedly waived his right to counsel — it is his burden, instead, to prove that he did not waive his right to counsel, in any manner, prior to the entry of his guilty plea. See Iowa v. Tovar, 541 U.S. 77, 92, 124 S.Ct. 1379, 158 L.Ed.2d 209 (2004) (applying state law requiring that “in a collateral attack on an uncoun-seled conviction, it is the defendant’s burden to prove that he did not competently and intelligently waive his right to the assistance of counsel”); Parke v. Raley, 506 U.S. 20, 29-34, 113 S.Ct. 517, 121 L.Ed.2d 391 (1992); State v. Robbins, 2012 ME 19, ¶¶ 2-3, 37 A.3d 294; United States v. Sanchez, 354 F.3d 70, 81 (1st Cir.2004).[7]
[¶ 15] In arguments to the trial court and to us, Kennedy acknowledges that (1) he has the burden of proof in his collateral attack on the 2013 conviction; (2) he did not testify or present any evidence that he was unaware of his right to counsel or that he did not make a knowing and intelligent choice to proceed without counsel; and (3) there was no evidence as to what occurred between the arraignment and the plea hearing.
*362 [¶ 16] Despite these acknowledgements, Kennedy asserts that the 2013 conviction must be voided because the brief transcript of his plea and sentence, following the dispositional conference, includes no reference to his right to counsel or his waiver of the right to counsel.[8] In essence, Kennedy argues that without consideration of the totality of the circumstances, and without any evidence of his understanding of his right to counsel, or of what occurred between the arraignment and the plea hearing, he should prevail because the right to counsel was not discussed in the plea' transcript.
[¶ 17] The law does not permit Kennedy’s burden of proof to be so easily avoided, and his collateral attack to so easily succeed. United States v. Gray, 177 F.3d 86, 88-91 (1st Cir.1999) presented a comparable history: a defendant objecting that a prior uncounseled misdemeanor conviction could not be used to enhance a sentence, no transcript of the misdemean- or proceedings, a defendant not testifying to support his claim of lack of waiver of counsel, and a docket sheet indicating that the prior conviction was uncounseled.
[¶ 18] The United States Court of Appeals for the First Circuit held that presenting the docket sheet indicating that the conviction was uncounseled was not enough to overcome the presumption of regularity that attached to the proceeding without a transcript and to satisfy the defendant’s burden of proof to collaterally attack the prior conviction.
Not only was the document silent on the critical questions, but Gray himself did not testify at the sentencing hearing or file a sworn affidavit to the effect that he was not afforded counsel. Because a defendant stands in the best position to offer a first-hand account of the details of his own past legal proceedings, his silence can be deafening.
Id. at 90. Here, unlike in Gray, Kennedy presented more than a silent record: he presented transcripts of both the arraignment and the plea hearing. But, as in Gray, the burden is on Kennedy; he stood in the best position to offer additional evidence to meet his burden, and he failed to do so.
III. CONCLUSION
[¶ 19] Kennedy acknowledged that he was, at all times, aware of his right to counsel, and he presented no evidence to suggest that, at the time of his plea, he did not knowingly waive his right to counsel.[9] Without such evidence, to paraphrase the First Circuit, his silence was deafening. *363 See id. The record before the trial court and before us shows that, by the time Kennedy entered his guilty plea in 2018, he was aware of his right to counsel, the required minimum sentence for the charge, and the consequences of a plea, which included a sentence higher than the statutory minimum. The record also shows that, after participating in a disposi-tional conference, Kennedy entered a plea of guilty to the 2013 charge of OUI and, in response, the State dismissed a companion charge. Based on the evidence in the record, Kennedy has not met his burden on collateral attack of demonstrating that he did not knowingly and intelligently waive his right to counsel.
The entry is:
Judgment affirmed.

. The Maine Rules of Criminal Procedure, in effect when Kennedy entered his plea, were replaced by the Maine Rules of Unified Criminal Procedure, effective January 1, 2015.

. Kennedy also pleaded guilty to operating while license suspended or revoked (Class E), 29-A M.R.S. § 2412-A(1-A)(B) (2015), and operating in violation of a license condition or restriction (Class E), 29-A M.R.S. § 1251(1)(B) (2015). Those pleas were entered unconditionally. Kennedy does not appeal from those convictions.

.The 2008 OUI was the first of Kennedy’s OUIs that occurred within ten years before the 2014 charge, and is therefore his first OUI considered a prior offense for purposes of enhancing the 2014 charge, see 29-A M.R.S. § 2411(5)(B)-(C) (2015). However, the record indicates that Kennedy was convicted of an additional OUI sometime in the late 1990s.

.' The agreed-to jail sentence was three days longer than the statutory minimum, indicating that the sentence and the consequences of the plea were discussed during the disposi-tional conference.

. The right to counsel provided by Me. Const, art. I, § 6 is commensurate with that of the Sixth Amendment to the United States Constitution. State v. Gallant, 595 A.2d 413, 416 (Me.1991); State v. Clark, 483 A.2d 1221, 1224 n. 2 (Me.1984).

. On the other two charges addressed in footnote 2, Kennedy was sentenced to seven and ten days in jail respectively, to be served concurrently with each other and the sentence imposed on the OUI count. The court also imposed a $600 fine on the count for violating a license condition or restriction and an additional year of license suspension on the count for operating while his license was suspended.

. “Where, as here, the government establishes the existence of a prior conviction, the burden shifts to the defendant to establish that the conviction is constitutionally infirm or otherwise inappropriate for consideration. If the defendant fails to carry this burden, the sentencing court may then consider the prior conviction in compiling the defendant’s criminal history score....’’ United States v. Sanchez, 354 F.3d 70, 81 (1st Cir.2004) (citations omitted).

. We have declined "to create any kind of prophylactic rule by which the conviction of any pro se defendant would be automatically vacated, regardless of the particular facts and circumstances surrounding that defendant's waiver of counsel, if the trial court failed to give the defendant Miranda-like warnings of the risks of self-representation and the benefits of counsel on the record. Neither Supreme Court case law nor our own lays out any such prophylactic rule." State v. Morrison, 567 A.2d 1350, 1353 (Me.1990).

. Although the dispositional conference was an unrecorded event in this case, Kennedy could have met his burden by testifying as to what occurred during this conference in 2013, e.g., that he at no time waived his right to counsel or that he was unduly pressured to move forward without the assistance of counsel. However, we do not suggest that dispositional conferences should become more formalized; they are intended to function as informal meetings where the parties are accorded greater freedom to hash out an agreement. Kennedy could have also met his burden here by, for example, presenting testimony or evidence at the hearing on the motion to strike that in 2013 he sought the assistance of counsel but was unsuccessful, or that he was not afforded the opportunity to seek counsel but still desired or intended to do so.