HJELM, J.,
dissenting.
[¶ 20] In my view, the record establishes that Kennedy’s 2013 guilty plea was not predicated on a proper waiver of his right to counsel. Therefore, I respectfully dissent.
[¶ 21] The issue presented in this case is whether the sentencing classification for the OUI charge filed against Kennedy in 2014 can be enhanced from a Class D crime to a Class C crime, by the uncoun-seled OUI conviction entered against him in 2013. See 29-A M.R.S. § 2411(1-A)(B)(2), 5(C) (2015). Kennedy had the right to counsel at every critical stage of the 2013 proceedings — including the plea stage — because, as alleged, the 2013 OUI charge would have required a period of incarceration upon conviction for that offense. See Iowa v. Tovar, 541 U.S. 77, 87, 124 S.Ct. 1379, 158 L.Ed.2d 209 (2004). In the proceeding arising from the 2014 charge, Kennedy collaterally attacked the 2013 conviction on the one ground on which an accused may do so, namely, denial of the Sixth Amendment right to counsel. See State v. Johnson, 2012 ME 39, ¶ 23, 38 A.3d 1270.
[¶ 22] As Kennedy acknowledges, in the context of a collateral challenge to an uncounseled conviction, he bears the burden of demonstrating the deprivation of his right to counsel, see Tovar, 541 U.S. at 92, 124 S.Ct. 1379, because relevant court proceedings are presumed to have been conducted with “regularity,” State v. Robbins, 2012 ME 19, ¶ 3, 37 A.3d 294. That burden, however, must be viewed in light of another principle that is fundamental to any consideration of whether a defendant has waived the right to counsel: the well-established doctrine that a court must “indulge every reasonable presumption against waiver” of that right. Johnson v. Zerbst, 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938) (quotation marks omitted). This doctrine is time-honored and remains part of modern-day jurisprudence. See, e.g., Brewer v. Williams, 430 U.S. 387, 404, 97 S.Ct. 1232, 51 L.Ed.2d 424 (1977); State v. Watson, 2006 ME 80, ¶ 15, 900 A.2d 702. It serves as a recognition that the right to counsel is “ ‘a right of the highest order,’ ” Watson, 2006 ME 80, ¶ 14, 900 A.2d 702 (quoting United States v. Proctor, 166 F.3d 396, 402 (1st Cir.1999)), and, in an “adversary system of criminal justice,” carries a magnitude of importance that is not subordinate to any other right, Lakeside v. Oregon, 435 U.S, 333, 341, 98 S.Ct. 1091, 55 L.Ed.2d 319 (1978). Accordingly, in cases where the right to counsel attaches, as it did in Kennedy’s 2013 OUI case, an uncounseled defendant must knowingly, voluntarily, and intelligently waive that right. See Tovar, 541 U.S. at 88, 124 S.Ct. 1379.
[¶ 23] The Supreme Court has made clear that when an unrepresented defendant who has the right to counsel enters a guilty plea, “‘a less searching or formal colloquy [regarding the waiver] may suf *364 fice’ ” to establish a waiver of that right, compared to a more extensive warning needed for an unrepresented defendant who proceeds to trial. Watson, 2006 ME 80, ¶ 18, 900 A.2d 702, (quoting Tovar, 541 U.S. at 89, 124 S.Ct. 1379). Therefore, as the Court correctly observes, see Court’s Opinion ¶ 16 n. 7, a waiver need not be express and may be implied. Nonetheless, there must be a waiver.
[¶ 24] Kennedy did not expressly waive his right to counsel. The question therefore is whether he did so by implication.
[¶ 25] When a defendant enters an un-counseled guilty plea, the waiver of the right to counsel may be implied if the trial court has informed the defendant of three essential aspects of the case: “the nature of the charges against him, ... his right to be counseled regarding his plea, and ... the range of allowable punishments attendant upon the entry of a guilty plea.” Tovar, 541 U.S. at 81, 124 S.Ct. 1379. Here, the record reveals that during the entire course of the proceedings in the 2013 case, the court properly explained only the first two of these three critical features of a criminal case: the nature of the OUI charge and his right to counsel. The information that the court did give to Kennedy demonstrates that as early as the arraignment, which is when the court covered those issues with him, he was clearly aware that he had the right to counsel— and on this appeal he expressly acknowledges this. The very different issue presented here, however, is whether the record supports the conclusion that he waived that known right.
[¶ 26] The third element required for a valid waiver under Tovar is missing because the arraignment court provided Kennedy with incorrect information about the range of sentences that were authorized for the OUI charge.[10] See 29-A M.R.S. § 2411(5)(B)(2) (2015). Although the charge filed against Kennedy would have required a jail term of at least seven days, the court told him that the minimum mandatory penalty included a two-day jail term.
[¶ 27] The record therefore establishes that the arraignment was fatally insufficient as a basis to infer that Kennedy later waived his right to counsel in a way that was effective under established constitutional standards. Further, no other proceeding in the 2013 case filled the gap created during the arraignment. This means that based on this record, even if the presumption against a waiver of the right to counsel is subordinate to Kenne-' dy’s procedural burden to demonstrate that he did not waive that right, he has necessarily met that burden.[11]
*365 [¶ 28] Because the record affirmatively demonstrates .that Kennedy did not waive his right to counsel by implication, the resulting question is whether there is some aspect of the court proceedings in Kennedy’s 2018 OUI case that would negate the absence of a waiver.
[¶ 29] A waiver cannot be implied from the bare fact that Kennedy pleaded guilty when he was unrepresented. In a trial setting, a court cannot presume that the defendant has waived the right to counsel “simply because he or she appears ... without one.” Watson, 2006 ME 80, ¶ 19, 900 A.2d 702. Because the presumption against a waiver of the right to counsel is a matter of general application and is not limited to trial proceedings, Kennedy’s unrepresented status when he pleaded guilty cannot be used to infer that he had waived his right to counsel.
[¶ 30] Beyond this, the Court presents three reasons in support of its conclusion that Kennedy failed to prove that he did not waive that right: first, that he “presented no evidence to suggest that, at the time of his plea, he did not knowingly waive his right to counsel”; second, that he entered a guilty plea after a dispositional conference; and third, that the State dismissed a companion charge when he pleaded guilty to the charge of OUI. See Court’s Opinion ¶ 19. In my view, none of these points is persuasive.
[¶ 31] First, the existing record already affirmatively demonstrates as a matter of law that Kennedy did not impliedly waive his right to counsel when he pleaded guilty in 2013 because the information provided to Kennedy during those proceedings did not meet the Tovar standard for an implied waiver. The Court offers no authority to support the position that when, as a constitutional matter, the record shows that the defendant did not waive his right to counsel, that defendant is required to do something even more.
[¶ 32] Second, despite something of a disclaimer, see Court’s Opinion ¶ 19 n. 9, the Court nonetheless refers to the dispo-sitional conference that preceded Kennedy’s guilty plea and intimates that to support his collateral attack, Kennedy might have presented testimony that during the conference, he did not waive his right to counsel. This argument would carry weight only if a dispositional conference were designed as a forum to raise the right to counsel. It is the arraignment where the court is specifically required by rule to provide critical foundational information about the charge, including any applicable minimum mandatory sentence, and certain of the defendant’s rights, including the right to counsel. See U.C.D.R.P.-Cumberland County 5, 10; M.R.Crim. P. 10.[12] A dispositional conference is not an arraignment or a duplication of it. The applicable rule that established the purpose and scope of a dispositional conference did not prescribe a discussion of the right to counsel or of other matters that would support an inference that the defendant properly waived his right to counsel if he later pleaded guilty without counsel. See U.C.D.R.P.-Cumberland County 18(b). Therefore, I am unwilling to speculate that, whatever- colloquy may have occurred between the court and Kennedy during the dispositional conference, it extended to a constitutionally sufficient discussion of Kennedy’s right to counsel.
*366 [¶ 33] Third, the State’s agreement to dismiss a companion charge in exchange for Kennedy’s plea to the OUI charge simply does not bear on the question of whether he waived his right to counsel. If anything, it suggests only that at the dis-positional conference or in some other context, the parties may have engaged in plea negotiations, which resulted in Kennedy’s agreement to plead guilty to the OUI charge and receive a sentence that was more than the minimum mandatory. Nothing in that extrinsic process can be seen to constitute a waiver of counsel either expressly or by implication.
[¶ 34] I therefore conclude that (1) as a matter of law, the record of the 2013 OUI case shows that Kennedy did not waive his right to counsel either expressly or by implication; and (2) no other event in that case, including the dispositional conference, negates the absence of a waiver. In my opinion, these circumstances allow no conclusion other than that Kennedy’s 2013 uncounseled guilty plea was not predicated on a proper waiver of counsel. I would therefore vacate the judgment and remand for further proceedings.

. It bears noting the Tovar Court did not state that a correct rendition of this information was a necessary component for an implied waiver of the defendant’s right to counsel. The Court, however, has largely followed that formulation here. Court’s Opinion ¶ 19. Further, the State has not pointed to any authority establishing that there is some other formula, still consistent with the teaching of Tovar, that allows a determination that an unrepresented defendant impliedly waives counsel by pleading guilty after the court has given him incorrect information about the range of lawful sentences.

. This factor distinguishes the case at bar from United States v. Gray, 177 F.3d 86, 91 (1st Cir.1999), which is cited by the Court. In Gray, the court held that on a collateral attack, the defendant bears the burden of persuasion to overcome the presumption that court proceedings were conducted in a "regular” manner. Id. at 90. Because the record there showed only that the defendant was unrepresented when he pleaded guilty, the court held that he had not overcome the presumption of regularity that would trigger an inference that he properly waived his right to counsel. Id. at 90-91. Here, on the other hand, the record establishes an hregularity in the arraignment because the court provided *365 Kennedy with incorrect sentencing information.

. Effective January 1, 2015, the Cumberland County Unified Criminal Docket Rules of Procedure were superseded by the Maine Rules of Unified Criminal Procedure. M.R.U. Crim. P. 1(e)(1).